UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Donovan Anderson,

                           Petitioner,        CV-98-6392 (CPS)

     - against -                              MEMORANDUM
                                              OPINION AND ORDER
Wayne L. Strack, Superintendant Fishkill
Correctional Facility,

                           Respondent.

----------------------------------------X

SIFTON, Senior Judge.

     Donovan Anderson petitions this Court for a writ of habeas
corpus pursuant to 28 U.S.C. § 2254 challenging his state court
convictions for rape and sodomy.  Anderson raises claims of
ineffective assistance of appellate counsel, violations of his
protection from double jeopardy, and due process.  In addition,
he moves for reconsideration of my previous denial of his motion
for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2).

     For the reasons that follow, the motion for appointment of
counsel is denied and the petition for habeas corpus is
transferred to the Court of Appeals for the Second Circuit for
leave to have it considered by this Court pursuant to 28 U.S.C. §
2244(b)(3)(A).[1]

---

[1] 28 U.S.C. § 224(b)(3)(A) provides:
     Before a second or successive application permitted by this
     section is filed in the district court, the applicant shall move

(continued...)

## Background

The following facts are taken from the record in this action.

In 1989, Anderson was convicted after jury trial of rape and sodomy in New York state court. The conviction was upheld by the Appellate Division, *People v. Anderson*, 186 A.D.2d 140 (N.Y. App. Div. 1992), and the New York Court of Appeals denied leave to appeal. *People v. Anderson*, 80 N.Y.2d 1025 (N.Y. 1992).

In 1995, Anderson moved in New York Supreme Court to vacate his conviction pursuant to N.Y.C.P.L. § 440.10. The court denied the motion on December 18, 1995, and denied Anderson's application for reargument on March 4, 1996. On March 25, 1996, the Appellate Division denied leave to appeal. On June 6, 1996, the New York Court of Appeals denied leave to appeal from the Appellate Division's denial.

On October 7, 1998, Anderson petitioned for a writ of *coram nobis* in the Appellate Division of New York raising a *Brady* claim, a state law speedy trial claim, a claim of ineffective assistance of counsel, and a claim of violation of due process claim. On May 17, 1999, the Appellate Division dismissed the petition.

While his petition for a writ of *coram nobis* was pending in

---

[1](...continued)
in the appropriate court of appeals for an order authorizing the
district court to consider the application.

state court, Anderson petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In November 1998, Anderson amended the petition to include the claims for relief alleged in his *coram nobis* petition pending before the state court. On June 17, 1999, this Court dismissed Anderson's petition as time-barred and denied a certificate of appealability. Anderson then filed a notice of appeal. On October 26, 1999, the Court of Appeals denied a certificate of appealability and dismissed his appeal. Anderson moved for panel rehearing, which was denied on January 7, 2000. On May 8, 2000, Anderson moved before this Court for reargument of the June 6, 1999 decision dismissing his habeas petition. This request was denied on August 11, 2000.

Anderson was paroled by the New York State Department of Correctional Services on November 2, 2000. He was placed in custody of the Bureau of Immigration and Customs Enforcement and scheduled for deportation pursuant to a final order of removal that had been entered in 1980.

Although he had completed serving his sentence for the offense, Anderson moved in June of 2002 in this Court for reconsideration of the dismissal of the first habeas petition. On July 16, 2002, I denied that motion. In September 2002, Anderson filed a notice of appeal from this denial of reconsideration. The Court of Appeals remanded the case to this Court for a determination of whether Anderson's notice of appeal

could fairly be construed as motion for an extension of time to appeal. The Court of Appeals also instructed me to determine whether a certificate of appealability should be granted.

On remand, I construed Anderson's motion as a request for an extension of his time to appeal and granted it, rendering his prior notice of appeal timely. I denied him a certificate of appealability. On June 16, 2004, the Court of Appeals also denied Anderson a certificate of appealability and dismissed the appeal.

Apparently interpreting my previous order reopening the time to file a notice of appeal as an invitation to file additional collateral attacks on his state court convictions, Anderson filed this habeas petition on September 27, 2004. Anderson does not provide any evidence that he has sought permission from the Second Circuit to file another successive petition.

On November 1, 2004, Anderson moved for the appointment of counsel. That request was denied on November 9, 2004, subject to renewal with a more sufficient showing as required by *Hendricks v. Coughlin*, 114 F.3d 390 (2d Cir. 1997), and *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170 (2d Cir. 1989). On November 26, 2004, Anderson moved for reconsideration of this decision.

Although no decision had been made on either his current habeas petitions or his request for reconsideration of his motion for counsel, Anderson filed a notice of appeal to the Second

Circuit on April 25, 2005.  The Court of Appeals dismissed that
notice of appeal.

What remains before the Court is Anderson's most recent
petition for habeas corpus pursuant to 28 U.S.C. § 2254 and his
motion for appointment of counsel pursuant to 18 U.S.C. § 3006A.

<u>Discussion</u>

I previously dismissed Anderson's first petition as
untimely.  Dismissal of a habeas corpus petition as untimely
constitutes an adjudication on the merits and renders a
subsequent petition successive.  *Villanueva v. United States,* 346
F.3d 55, 61 (2d Cir. 2003).  Before a habeas petitioner may file
successive petition with the district court, he must seek
permission from the Court of Appeals.  28 U.S.C. § 2244(b)(3).
When presented with a second petition for which the petitioner
has not received certification, the district court is required to
transfer the petition to the Court of Appeals pursuant to 28
U.S.C. § 1631.[2]  A district court may not address the merits of a
successive petition unless it has been certified.  *Corrao v.
United States*, 152 F.3d 188, 191 (2d Cir. 1998) (reversing
district court's dismissal of time-barred, successive petition
that had not been certified by Court of Appeals).  This petition
must therefore be transferred to the Court of Appeals for

---

[2] *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).
Section 1631 provides district courts the power to transfer civil
actions to cure want of jurisdiction.

consideration pursuant to 28 U.S.C. § 2244(b)(3)(A).

Motion for Appointment of Counsel

When deciding whether to appoint counsel to an indigent
civil litigant under 18 U.S.C. § 3006A(a)(2), a court must first
look to the likelihood of merit of the underlying case. *Carmona
v. U.S. Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001).
Where the merits of the claim are thin, counsel should not be
appointed. *Id.*

Anderson's petition is clearly unmeritorious because it is
successive. *See Villanueva v. United States,* 346 F.3d 55, 61 (2d
Cir. 2003). Anderson apparently filed the present petition under
the mistaken belief that my previous order pursuant to Federal
Rule of Appellate Procedure 4(a)(6) reopening the time for him to
file an appeal from the denial of his motion for reconsideration
of the denial of his petition for habeas corpus, also reopened
the time for the filing of a new habeas corpus petition
collaterally attacking his state court conviction. It did not.
Nor could it have because a petition for a writ of habeas corpus
is considered not an "appeal" of a state court conviction, but a
"collateral attack." *See*, *e.g.*, *Brecht v. Abrahamson*, 507 U.S.
619 (1993) (reiterating distinction between direct appeal and
collateral review); *Stone v. Powell*, 428 U.S. 465 (1976) (same).
My order merely rendered timely Anderson's previously filed
notice of appeal from my denial of Anderson's motion for

reconsideration of the dismissal of his first petition.

Accordingly, the motion for appointment of counsel is denied.

<u>Conclusion</u>

For the foregoing reasons, Anderson's motion for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2) is denied.  The petition for habeas corpus is transferred to the Court of Appeals pursuant to 28 U.S.C. § 1631.

The Clerk is directed to furnish a filed copy of the within to all parties and to transfer the petition to the Second Circuit Court of Appeals.

SO ORDERED.

Dated :   Brooklyn, New York

August 26, 2005

By: <u>/s/ Charles P. Sifton (electronically signed)</u>
United States District Judge